ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| MABEL POLA MONTERO Apelada | | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan |
| v. | KLAN202400857 | |
| JUAN CARLOS PRIETO IRIZARRY Apelante | | Civil Núm.: K DI2009-1118 Sala: 703 |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez

**Figueroa Cabán, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico a 17 de octubre de 2024.

Comparece el señor Juan Carlos Prieto Irizarry, en adelante el señor Prieto Irizarry o el apelante, y solicita que revoquemos la *Resolución* emitida el 18 de julio de 2024, notificada el día 19 del mismo mes y año. Mediante la misma, el Tribunal de Primera Instancia, Sala de San Juan, en adelante TPI, fijó la pensión alimentaria entre parientes que debe pagarle al señor Juan Franco Prieto Pola, en adelante el señor Prieto Pola o el interventor.

Por los fundamentos que expondremos a continuación, se desestima el recurso de epígrafe por falta de jurisdicción, por prematuro.

**-I-**

En el contexto de un pleito sobre divorcio, la señora Mabel Pola Montero presentó una demanda contra el señor Prieto Irizarry para, entre otros asuntos, dilucidar la pensión alimentaria entre parientes que debía recibir el señor Prieto Pola, hijo común de las partes.

Transcurridos varios trámites procesales que resulta innecesario pormenorizar para resolver la controversia ante nos, el **18 de julio de 2024**, notificada el **19 del mismo mes y año**, el TPI emitió la *Resolución* recurrida.[1]

Oportunamente, el interventor presentó una *Moción en Solicitud de Reconsideración a Resolución Emitida Nunc Pro Tunc.*[2]

Así las cosas, el **18 de septiembre de 2024**, el apelante presentó una *Apelación* en la que alegó que el TPI cometió 9 errores.

Posteriormente, el señor Prieto Pola presentó una *Moción de Desestimación*. Sostuvo, en esencia, que el TPI no ha resuelto la reconsideración ante su consideración, por lo cual el recurso es prematuro y no tenemos jurisdicción para atenderlo.

Por tratarse de un asunto de umbral le concedimos al apelante la oportunidad para exponer su posición, lo que hizo mediante *Oposición a Moción de Desestimación*.

Examinados los escritos de las partes, el expediente y la prueba documental, estamos en posición de resolver.

---

[1] Apéndice del apelante, págs. 1-24.
[2] *Id*., págs. 26-28.

**-II-**

**A.**

En lo aquí pertinente, la Regla 47 de Procedimiento Civil regula la figura procesal de la reconsideración tanto para las sentencias como para los dictámenes interlocutorios emitidos por el tribunal de instancia. En lo aquí pertinente, dispone:

> […]
>
> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.
>
> . . . . . . . .
>
> **Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.**[3]

**B.**

Reiteradamente, el Tribunal Supremo de Puerto Rico ha declarado que un recurso prematuro al igual que uno tardío, "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".[4] De modo, que "su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación no ha habido autoridad judicial o administrativa para acogerlo […]".[5]

En materia de jurisdicción conviene recordar, que no tenemos discreción para asumir jurisdicción donde

---

[3] 32 LPRA Ap. V, R. 47. (Énfasis suplido).
[4] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).
[5] *Juliá v. Epifanio Vidal, SE,* 153 DPR 357, 367 (2001); *Rodríguez Díaz v. Segarra*, 150 DPR 649, 654 (2000).

no la hay.[6] La falta de jurisdicción no puede ser subsanada, ni el tribunal puede arrogarse la jurisdicción que no tiene.[7] Aun cuando las partes no lo planteen, un tribunal viene obligado a velar su jurisdicción.[8] Así, el tribunal que carece de autoridad para atender un recurso solo tiene facultad para así declararlo y, en consecuencia, desestimarlo.[9]

## C.

Finalmente, la Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones dispone:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> …
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.[10]

## -III-

En resumen, el interventor alega que presentó una moción de reconsideración "que a la fecha no ha sido resuelta". En consecuencia, el recurso es prematuro y no tenemos jurisdicción para atenderlo.

Por su parte, el señor Prieto Irizarry arguye que el recurso de *Apelación* no es prematuro porque el

---

[6] *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 269 (2018); *Ponce Fed. Bank v. Chubb Life Ins. Co.*, 155 DPR 309, 331 (2001); *Gobernador de PR v. Alcalde de Juncos*, 121 DPR 522, 530 (1988).
[7] *Fuentes Bonilla v. ELA,* 200 DPR 364, 372-373 (2018); *Peerless Oil v. Hermanos Torres Pérez*, 186 DPR 239, 249 (2012); *Szendrey v. F. Castillo*, 169 DPR 873, 883 (2007); *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980).
[8] *Ruiz Camilo v. Trafon Group Inc.*, *supra*, 268; *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 105 (2013); *Juliá v. Epifanio Vidal, SE*, *supra*, pág. 362.
[9] *Ruiz Camilo v. Trafon Group Inc.*, *supra*, pág. 269; *Lozada Sánchez v. JCA*, 184 DPR 898, 909 (2012); *Caratini v. Collazo*, 158 DPR 345, 355 (2003); *Vega Rodríguez v. Telefónica*, 156 DPR 584, 595 (2002); *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314, 326 (1997).
[10] 4 LPRA Ap. XXII-B, R. 83 (B) y (C).

escrito del interventor "trató de enmiendas de forma y no sustantivas", que se retrotraen a la fecha de la determinación recurrida. Por tal razón, el escrito del señor Prieto Pola no constituye una reconsideración y por ende, no tuvo el efecto de interrumpir el término para acudir ante el Tribunal de Apelaciones.

Discrepamos de la posición del apelante. En su reconsideración el señor Prieto Pola solicita, que como la determinación judicial pone fin a la reclamación sobre alimentos entre parientes, debe calificarse como sentencia y no como resolución.[11] Esta solicitud no versa sobre un mero error oficinesco o una simple inadvertencia. Por el contrario, conlleva la alteración del derecho apelativo de las partes, ya que, de calificarse como sentencia, el tribunal resuelve la controversia de forma definitiva, "de forma tal que únicamente quede pendiente la ejecución de esa determinación final".[12] Además, el foro intermedio solo podrá resolver la controversia mediante una determinación judicial fundamentada.

En cambio, de tratarse de una resolución, el tribunal "solo pone fin a un incidente dentro del proceso judicial",[13] cuya revisión es discrecional.[14]

De que la distinción entre sentencia y resolución no es inocua o inconsecuente, basta examinar las expresiones de nuestro más alto foro sobre el particular: "…a pesar de la interrelación existente entre una resolución y una sentencia, **"[n]inguna de las dos constituyen un término genérico dentro del**

---

[11] Apéndice del apelante, pág. 26.
[12] *JMG Investment v. ELA et al.*, 203 DPR 708, 719 (2019).
[13] *Id.*
[14] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

**cual pueda entenderse comprendida la otra"**. Por el contrario, **lo que existe es una distinción conceptual categórica entre ambas"**.[15]

Aclarado lo anterior, corresponde examinar el tracto procesal pertinente.

El **19 de julio de 2024** el TPI notificó la *Resolución* recurrida.

Oportunamente, es decir, el **29 de julio de 2024**, el señor Prieto Pola presentó una *Moción en Solicitud de Reconsideración a Resolución Emitida Nunc Pro Tunc*.[16]

Una investigación de los autos originales realizada por conducto de la Secretaria Regional del Tribunal General de Justicia de San Juan revela, que aunque el foro recurrido adjudicó la reconsideración presentada por el señor Prieto Pola, dicha determinación aun no se ha notificado a las partes del presente pleito.[17] En consecuencia, el recurso ante nuestra consideración es prematuro y este tribunal carece de jurisdicción para atenderlo.

-IV-

Por los fundamentos previamente expuestos, se desestima el recurso de epígrafe por falta de jurisdicción, por prematuro.

Finalmente, a los fines de promover la economía procesal y la reducción de costos de las partes,

---

[15] *JMG Investment v. ELA et al., supra*, pág. 718. (Énfasis suplido).

[16] Apéndice del apelante, págs. 26-28.

[17] El 16 de agosto de 2024 el TPI declaró no ha lugar la reconsideración del interventor y mantuvo la calificación de resolución. Esa determinación todavía no se ha notificado.

ordenamos el desglose del apéndice del presente recurso.[18]

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Ap. XXII-B.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[18] Regla 83 (E) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.